**Opinion issued August 31, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00081-CV**

————————————

**JOHN P. GUILLORY AND PREIS PLC, Appellants**

**V.**

**HALLMARK SPECIALTY INSURANCE COMPANY, LESSLEY SERVICES, LLC, ACE AMERICAN INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. SCT 1011119, Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-33760**

---

## MEMORANDUM OPINION

Appellees Lessley Services, LLC, Hallmark Specialty Insurance Company,

ACE American Insurance Company, and Certain Underwriters at Lloyd's London,

subscribing to Policy No. SCT 1011119 filed claims against Appellants John P.

Guillory and Preis PLC for legal malpractice stemming from their representation of Lessley and ACE in an environmental cleanup case litigated in Louisiana state court. Guillory and Preis PLC filed two special appearances, which the trial court denied. In their sole issue, Guillory and Preis PLC contend the trial court erred in denying their special appearances because they are not subject to specific jurisdiction in Texas.

We reverse the trial court's orders denying Guillory's and Preis PLC's special appearances and render judgment dismissing Appellees' claims against Guillory and Preis PLC.

## Background

Appellee Lessley Services, LLC is a petroleum trucking company that transports crude oil and other petroleum products for the oil and gas industry. It is a Texas limited liability company with its principal office in Texas. Lessley does business in Louisiana.[1]

Blaise St. Clair works for SLLD Transport Company, LLC. In November 2019, he fell asleep for about four hours while transferring crude oil into his tanker trailer from a storage tank located on property in Cameron Parish, Louisiana owned

---

[1]    In its pleadings, Lessley Services, LLC states that its principal place of business is in "Texas" and the record reflects that Lessley has an office in "East Texas." Although Hallmark Specialty Insurance Company's pleading states that Lessley's principal place of business is in Houston, Texas, the record does not support this assertion.

2

by Domatti M.A. Management Trust. Lessley had leased the tanker trailer from SLLD Transport. St. Clair reported the spill to Lessley who hired a containment and remediation contractor to clean up the Domatti property in Louisiana.

Lessley reported the incident to its primary commercial auto insurer, Appellee ACE American Insurance Company. The insurance policy ACE issued to Lessley provides $1,000,000 in coverage for bodily injury and property damage coverage. Lessley also had two excess coverage insurance policies for bodily injury and property damage claims, one issued by Certain Underwriters at Lloyd's London, subscribing to Policy Number SCT1011119 ("Underwriters"), and the other by Hallmark Specialty Insurance Company. The policy issued by Underwriters, Lessley's first-layer excess insurer, provided $2,000,000 in coverage for each occurrence. Hallmark, Lessley's second-layer excess insurer, also provided $2,000,000 in coverage for each occurrence.

## Louisiana Lawsuit

On February 10, 2020, Domatti filed suit against Lessley in the 38th Judicial District Court for Cameron Parish, Louisiana for property damage caused by the oil spill ("Louisiana Lawsuit"). Although ACE initially denied Lessley's insurance claim, ACE later accepted coverage and on May 5, 2020, ACE retained Appellants Preis PLC and John P. Guillory to represent Lessley in the Louisiana Lawsuit. At

some point in the litigation, Domatti also added St. Clair, SLLD Transport, and ACE as defendants. Preis PLC and Guillory were retained to also represent ACE.

Preis PLC, a Louisiana professional law corporation, has its main office in Lafayette, Louisiana and a satellite office in Houston, Texas. Guillory, a Louisiana resident, is an attorney with Preis PLC. He works in Preis PLC's Lafayette, Louisiana office and he is licensed to practice law in Louisiana and Texas. Neither Guillory nor Preis PLC represented Lessley prior to the Louisiana Lawsuit.

In November 2020, Guillory met with Lessley's principals, Jimmy and Vivian Lessley (the "Lessleys"), at Preis PLC's Houston office to prepare them for their depositions in the Louisiana Lawsuit. The depositions were scheduled to take place the following day in Lake Charles, Louisiana.

In March 2021, Guillory and Preis PLC, acting on behalf of ACE and Lessley, entered into a Consent Judgment with Domatti and SLLD Transport. The Consent Judgment stated that SLLD Transport had relinquished control of St. Clair to Lessley when the spill occurred, and therefore, SLLD Transport was not vicariously liable for any damages caused by St. Clair. The Consent Judgment further stated that Lessley, as St. Clair's "Special Employer," was "solely liable for damages caused by the alleged incident."

In April 2021, Guillory and Preis PLC, acting on behalf of ACE and Lessley, entered into a Joint Stipulation with Domatti. Among other things, the Joint

4

Stipulation stated that St. Clair, "an operator working in the course and scope of his employment with Lessley," fell asleep for four hours while pumping crude oil into the tanker, "resulting in approximately 193 barrels of crude oil overflowing onto the Domatti Property." The Joint Stipulation stated that ACE, Lessley's insurer, "originally wrongfully denied the claim."

In May 2021, the Louisiana Lawsuit proceeded to a jury trial in Cameron, Louisiana. Guillory defended the claims on behalf of Lessley, ACE, and St. Clair. The jury rendered a verdict of $4,751,594 against Lessley, ACE, and St. Clair, jointly and severally.

**Texas Lawsuit**

**A.    Hallmark and Lessley**

**1.    Pleadings**

In June 2021, Hallmark, Lessley's second-layer excess insurer, filed an Original Petition against Lessley, ACE, and Underwriters in Texas state court. Hallmark sought a declaratory judgment against Lessley declaring it owed no duty to indemnify Lessley "from or against liability sustained in the [Louisiana Lawsuit]" or, in the alternative, a declaratory judgment against ACE and Underwriters declaring "there is no coverage under the Hallmark Policy unless and until ACE and Underwriters have each exhausted their policy limits under" their respective policies. Hallmark also asserted an equitable subrogation claim against ACE,

5

alleging that "[t]o the extent Hallmark [was] found liable to Lessley," it was "entitled to equitable subrogation against ACE to the extent any such liability was caused by ACE's negligence or wrongful claim investigation, trial defense, [] failure to settle . . . or negligent handling of the defense of Lessley" in the Louisiana Lawsuit.[2]

In its First Amended Petition, Hallmark added Guillory and Preis PLC as defendants.[3]  In addition to its claims against Lessley, ACE, and Underwriters, Hallmark asserted a legal malpractice claim against Guillory and Preis PLC under the doctrine of equitable subrogation "for [their] malpractice in handling [] the defense of Lessley" in the Louisiana Lawsuit.  According to Hallmark, Guillory and Preis PLC committed legal malpractice by jointly defending Lessley and ACE in the Louisiana Lawsuit despite a conflict of interest, failing to "adequately prepare for trial," failing to "file motions to limit Lessley's liability," and "most egregiously, entering into the Consent Judgment and Joint Stipulation."  Hallmark alleged that

---

[2]     "Equitable subrogation 'allows a party who would otherwise lack standing to step into the shoes of and pursue the claims belonging to a party with standing.'" *Allstate Ins. Co. v. Spellings*, 388 S.W.3d 729, 733 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (quoting *Frymire Eng'g Co., Inc. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd.,* 259 S.W.3d 140, 142 (Tex. 2008)).  "When equitable subrogation applies, 'the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured.'" *Id.* (quoting *Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007)).

[3]     Hallmark also named Edwin Preis, Jr., Guillory's co-counsel, as a defendant.  Edwin Preis, Jr. filed a special appearance, which the trial court granted.  He is not a party to this appeal.

6

but for the malpractice of Guillory and Preis PLC, "the amount of any judgment against Lessley in the [Louisiana] Lawsuit would not have exceeded the combined available limits of the ACE Policy and the Underwriters Policy."

In its First Amended Petition, Hallmark alleged Guillory is subject to specific jurisdiction in Texas because:

> Guillory conducts business in Texas, and the claims in this action arise out of or relate to his purposeful contacts with Texas. Without limitation, Mr. Guillory engaged in acts and omissions in Houston, Texas, including meeting with Mr. and Mrs. Lessley, the principals of Lessley, in connection with his representation of Lessley in a lawsuit that is the subject of this lawsuit. Furthermore, Mr. Guillory has been licensed to practice law in Texas since 1992, is admitted to practice before all Texas state courts and the United States District Court for the Southern and Western Districts of Texas, and is an attorney with Preis PLC, which maintains an office in Houston, Texas.

Hallmark alleged Preis PLC is subject to specific jurisdiction in Texas because:

> [Preis PLC] conducts business in Texas, and the claims in this action arise out of or relate to its purposeful contacts with Texas. Without limitation, Preis PLC maintains a law office in Houston, Texas, which was the situs of meeting(s) with Lessley where acts or omissions that are the subject of the claims in this lawsuit occurred, and employs several attorneys licensed to practice law in Texas.

In October 2021, Lessley filed its Original Cross Claim against Guillory and Preis PLC for legal malpractice.[4] Lessley alleged that Guillory is subject to specific jurisdiction in Texas because:

> [Guillory] conducts business in Texas, and the claims in this action arise out of or relate to his purposeful contacts with Texas. Without

---

[4]    Lessley also named Edwin J. Preis, Jr. as a defendant.

7

limitation, Mr. Guillory engaged in acts and omissions in Houston, Texas, including meeting with Mr. and Mrs. Lessley, the principals of Lessley, in connection with his representation of Lessley in a lawsuit that is the subject, of this lawsuit. Furthermore, Mr. Guillory has been licensed to practice law in Texas since 1992, is admitted to practice before all Texas state courts, and the United States District Court for the Southern and Western Districts of Texas, and is an attorney with Preis PLC which maintains an office in Houston, Texas.

Lessley alleged Preis PLC is subject to specific jurisdiction in Texas because:

[Preis PLC] conducts business in Texas, and the claims in this action arise out of or relate to its purposeful contacts with Texas. Without limitation, Preis PLC maintains a law office in Houston, Texas, which was the situs of meeting(s) with Lessley where acts or omissions that are the basis for the claims in this lawsuit occurred, and employs several attorneys licensed to practice law in Texas.

According to Lessley, Guillory and Preis PLC committed legal malpractice because they provided "erroneous legal advice and/or failed to provide advice, opinions or relevant information when legally obligated to do so, thereby breaching their duties owed to Lessley." Lessley alleged Guillory and Preis PLC breached their duty of care to Lessley by:

(a) failing to provide notice to Lessley of Defense Counsels['] conflict of interest in representing both Lessley and Ace;

(b) representing the interests of Ace above Lessley in the underlying lawsuit;

(c) entering into the Consent Judgment and Joint Stipulation without providing any notice to Lessley or advising Lessley of the effect of the same;

(d) failing to timely file necessary motions to limit Lessley's liability;

8

(e)     improperly preparing for and managing Lessley's defense in the underlying lawsuit;

(f)     falling to seek an apportionment of liability among Ace and Lessley in the underlying lawsuit; and

(g)     failing to appeal the judgment.

Lessley also asserted that it was prejudiced by "a number of actions" Guillory took "over the course of the defense" of the Louisiana Lawsuit. According to Lessley, although Guillory attended the deposition of ACE's corporate representative on behalf of ACE, Guillory failed to "ask any questions or inquire as to how Ace's actions negatively affected Lessley." In addition to agreeing to "a verdict form that placed responsibility for any verdict sums on all defendants rather than obtain a form that apportioned fault between the defendants," Guillory also failed to exclude evidence at trial detrimental to Lessley.

## 2.     Special Appearance

Guillory and Preis PLC filed a special appearance contesting jurisdiction in Texas. They argued Hallmark and Lessley had not pled facts establishing that Guillory and Preis PLC had purposefully availed themselves of the privilege of conducting activities within Texas. They also argued there is no substantial connection between Guillory's and Preis PLC's Texas contacts and the operative facts of the underlying litigation.

9

Guillory and Preis PLC argued that the "sum total" of their alleged contacts with Texas consisted of Guillory's Texas law license and Preis PLC "maintaining a satellite office in Houston where Guillory met with Lessley to prepare for a deposition in Louisiana." According to Guillory and Preis PLC, none of these contacts concern the operative facts of the litigation because all of the alleged negligent conduct giving rise to the lawsuit occurred "in either Lafayette, Louisiana, where Preis and Guillory exercised their professional judgment, or in the Underlying Suit in Cameron Parish, Louisiana."

Among other evidence, Guillory and Preis PLC submitted affidavits from Guillory and Edwin G. Preis, Jr. Edwin Preis stated in his affidavit that, among other things, he is the managing partner and founder of Preis PLC. According to Edwin Preis, Preis PLC is a professional law corporation incorporated in Louisiana, with its principal place of business in Lafayette, Louisiana. Preis PLC has a satellite office in Houston, Texas. Edwin Preis and Guillory were Lessley's and ACE's counsel of record in the Louisiana Lawsuit.

In his affidavit, Guillory stated that he is a Louisiana resident licensed to practice law in Louisiana and Texas. Guillory practices out of Preis PLC's principal office in Lafayette, Louisiana. Guillory stated that ACE retained Preis PLC to represent ACE and Lessley in the Louisiana Lawsuit and he and Edwin Preis were Lessley's and ACE's counsel of record. The claims in the Louisiana Litigation were

10

tried to a jury and Guillory defended the claims on behalf of Lessley, ACE, and St. Clair in Cameron Parish, Louisiana.

Guillory further stated that he "met with Lessley's principals, Mr. and Mrs. Lessley on November 19, 2020, at Preis PLC's satellite-office in Houston, for the convenience of Mr. and Mrs. Lessley who live in Texas." According to Guillory, the "purpose of meeting with Lessley's principals was to prepare them for their deposition conducted on November 20, 2020 in Lake Charles, Louisiana." Guillory stated he did not give Lessley legal advice based on Texas law, represent Lessley before any court in Texas, or represent Lessley in any other matter besides the Louisiana Lawsuit.

Lessley and Hallmark filed a response to Guillory and Preis PLC's special appearance. They argued "Guillory provided face-to-face legal advice to Lessley's principals[, Jimmy and Vivian Lessley] while physically present in the firm's Houston office, including by preparing Mr. and Mrs. Lessley for their crucial depositions" in the Louisiana Lawsuit, and thus Guillory should have "reasonably anticipate[d] being called into a Texas court to account for his malpractice in so advising Lessley and in otherwise representing Lessley" in the Louisiana Lawsuit. Hallmark and Lessley argued Guillory was subject to personal jurisdiction in Texas because:

- Guillory engaged in "acts and omissions in Houston, Texas, including meeting with Mr. and Mrs. Lessley, the principals of

11

Lessley, in connection with his representation of Lessley" in the Louisiana Lawsuit.

- Guillory is licensed to practice in Texas and admitted to Texas state and federal courts.

- Guillory is a member in Preis PLC, which maintains a Houston office.

Lessley and Hallmark further argued that during the November 2020 meeting in Houston, Texas, "Guillory failed to spend the time necessary to adequately prepare [the Lessleys] for their depositions" because Guillory "did not delve into the relationship among St. Clair, SLLD, and Lessley" and when the Lessleys expressed their belief that St. Clair and his employer SLLD Transport should bear some or all of the liability for Domatti's damages based on Lessley's contract with SLLD Transport, Guillory "dismissed it as unimportant." They argued Guillory also failed to "explore with Mr. and Mrs. Lessley the ramifications of his simultaneously representing both Lessley and ACE in the Underlying Suit, including any potential conflict of interest in such dual representation."

Hallmark and Lessley argued Guillory was subject to personal jurisdiction in Texas because Hallmark and Lessley's claims arise out of or relate to Guillory's "purposeful contacts with Texas." And because Guillory is Preis PLC's agent, they further argued Guillory's contacts should be imputed to Preis PLC for purposes of establishing jurisdiction over Preis PLC.

12

In support of their opposition to Guillory's and Preis PLC's special appearances, Lessley and Hallmark submitted an affidavit from Vivian Lessley. In her affidavit, Vivian Lessley stated that she and her husband Jimmy Lessley are the principals of Lessley and that ACE retained Guillory and Preis PLC to defend Lessley in the Louisiana Lawsuit. She stated that Guillory contacted her and her husband to prepare them for their depositions in the Louisiana Lawsuit. Guillory gave them the option of meeting at Lessley's office in East Texas or at Preis PLC's Houston office. The Lessleys chose to meet with Guillory at Preis PLC's Houston office.

According to Vivian, the November 2020 meeting in Houston with Guillory involved "perfunctory" preparation for her and her husband's depositions in Lake Charles, Louisiana, and discussion of other matters regarding the Louisiana Lawsuit. Vivian stated that she and her husband told Guillory that "the plaintiffs' property was not suffering significant impact from any remaining crude oil," but "Guillory did not provide a substantive response to this point." The Lessleys also discussed with Guillory "the responsibility of Blaise St. Clair, the individual whose negligence was directly responsible for the oil spill that led to the [Louisiana Lawsuit], and of his employer SLLD Transport Company, LLC." According to Vivian, she and her husband discussed with Guillory their "belief that Mr. St. Clair and SLLD should bear some if not all of the liability for the accident, including based on the contract

13

between Lessley Services and SLLD, which [the Lessleys] showed to Mr. Guillory at the meeting." The Lessleys also "explained that Blaise St. Clair was employed by SLLD, not by Lessley, but Mr. Guillory did not care about this fact." Vivian also stated that Guillory did not "take the time to discuss" with her and her husband "the details of the relationships among Mr. St. Clair, SLLD, and Lessley, dismissing them as unimportant," and he was "dismissive" of the Lessleys' "entreaties about holding Mr. St. Clair and SLLD at least partly responsible for the accident." Vivian stated that based on "Guillory's dismissive responses and his other interactions" with her and her husband during their Houston meeting," she and her husband "concluded Mr. Guillory was not working to advance the interests of Lessley Services" in the Louisiana Lawsuit and they "immediately" contacted their insurance broker "to request that ACE provide Lessley Services with different counsel." According to Vivian, Guillory did not "explore with [Lessley] the ramification of his simultaneously representing both Lessley and ACE in the Underlying Suit, including any potential conflict of interest in such dual representation." She further stated that "[n]either Mr. Guillory, Mr. Preis, nor other lawyers of Preis PLC ever consulted my husband or me before agreeing to the Consent Judgment" or met with the Lessleys again before trial.

After a non-evidentiary hearing, the trial court denied Guillory's and Preis PLC's special appearance. Guillory and Preis appealed.[5]

## B. ACE and Underwriters

During the pendency of this appeal, ACE and Underwriters also filed cross claims against Guillory and Preis PLC.

### 1. Pleadings

In its Original Cross Claim against Guillory and Preis PLC, ACE asserted claims for legal malpractice, indemnity, and contribution stemming from Preis PLC's and Guillory's representation of ACE and Lessley in the Louisiana Lawsuit. ACE alleged that Guillory and Preis PLC committed legal malpractice by:

(a) Failing to inform ACE once a clear conflict of interest arose after entry of the Consent Judgment / Joint Stipulation.

(b) Entering into the Consent Judgment without ACE's knowledge or approval.

(c) Entering into the Joint Stipulation without ACE's knowledge or approval.

(d) Failing to properly prepare the ACE claim professional for his deposition.

(e) Failing to timely file necessary motions.

(f) Failing to adequately prepare for trial.

---

[5] Guillory and Preis PLC requested findings of fact and conclusions of law, but the trial court did not issue findings of fact and conclusions of law.

15

(g)    Generally, failing to adequately manage the defense in the [Louisiana Lawsuit], including keeping ACE reasonably informed.

(h)    And other acts of negligence.

Relying on the trial court's order denying Preis PLC's and Guillory's special appearance, ACE alleged Guillory and Preis PLC were subject to specific jurisdiction in Texas.

In its Original Cross Claim, Underwriters also asserted claims for legal malpractice against Guillory and Preis PLC, alleging it was "equitably subrogated to Lessley's rights for malpractice claims against" Guillory and Preis PLC.[6] According to Underwriters, Preis PLC and Guillory committed legal malpractice because, among other things, Preis PLC and Guillory "provided erroneous legal advice and/or failed to provide advice, opinions or relevant information when legally obligated to do so thereby breaching their duties owed to Lessley." Underwriters alleged that Guillory and Preis PLC committed legal malpractice by:

(a)    failing to provide notice to Lessley of [Preis PLC's and Guillory's] conflict of interest in concurrently representing both Lessley and ACE;

(b)    representing the interests of ACE above Lessley's interests in the [Louisiana Lawsuit];

---

[6]    Underwriters also filed crossclaims against ACE under the doctrine of equitable subrogation for ACE's alleged failure "to properly investigate, defend, settle, protect, and indemnify Lessley in good faith for the [Louisiana Lawsuit]" and for breach of the Texas Insurance Code.

16

(c)     entering into the Consent Judgment and Joint Stipulation without providing any notice to Lessley or advising Lessley of the effect of the same;

(d)     failing to timely file necessary motions to limit Lessley's liability;

(e)     improperly preparing for and managing Lessley's defense in the [Louisiana Lawsuit];

(f)     failing to seek an apportionment of liability among ACE and Lessley in the [Louisiana Lawsuit]; and

(g)     failing to appeal the excessive judgment rendered in the [Louisiana Lawsuit].

Like ACE, Underwriters relied on the trial court's order denying Preis PLC's and Guillory's special appearance to allege that Guillory and Preis PLC were subject to specific jurisdiction in Texas.

## 2.    Special Appearances

Guillory and Preis PLC filed their second Special Appearance in response to ACE's and the Underwriters' cross claims.  Guillory and Preis PLC raised the same arguments they advanced in their first Special Appearance against Hallmark and Lessley.   The trial court denied Guillory and Preis PLC's second Special Appearance.  Guillory and Preis PLC appealed from the denial of their second special appearance.  The two appeals were consolidated.

17

**Specific Personal Jurisdiction**

In their sole issue on appeal, Guillory and Preis PLC argue the trial court erred in denying their special appearances because they are not subject to specific jurisdiction in Texas.[7]

## A.    Personal Jurisdiction

A court may assert personal jurisdiction over a nonresident defendant only if the Texas long-arm statute and due process requirements of the Fourteenth Amendment to the United States Constitution are satisfied.  *See* U.S. CONST. amend. XIV, § 1; TEX. CIV. PRAC. & REM. CODE § 17.042 (Texas long-arm statute); *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 346 (Tex. 2023).  The Texas long-arm statute allows Texas courts to exercise personal jurisdiction over a nonresident defendant who is doing "business in this state" and "commits a tort in whole or in part in this state."  TEX. CIV. PRAC. & REM. CODE § 17.042(2).  Due process is satisfied when the nonresident defendant has established minimum contacts with the

---

[7]    A defendant's contacts with a forum state can give rise to either general or specific jurisdiction.  *See Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, ⸺ U.S. – ⸺, 141 S. Ct. 1017, 1024 (2021); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  Appellees do not argue Guillory and Preis PLC are subject to general jurisdiction in Texas.  *Daimler AG*, 571 U.S. at 127 ("[C]ourt[s] may assert general jurisdiction over [nonresident defendants] when [the defendant's] affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The only question before us is whether Appellees established specific jurisdiction over Guillory and Preis PLC.

18

forum state and the exercise of jurisdiction over the nonresident defendant comports with traditional notions of fair play and substantial justice. *See LG Chem Am., Inc.*, 670 S.W.3d at 346 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). A nonresident defendant's minimum contacts with a forum are established when the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 886 (Tex. 2017) (quoting *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013)); *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, ⸺ U.S. ⸺, 141 S. Ct. 1017, 1024–25 (2021); *see also LG Chem Am., Inc.*, 670 S.W.3d at 346–47.

The Texas Supreme Court has characterized the "purposeful availment" requisite as the "touchstone of jurisdictional due process." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). There are three important aspects of the purposefulavailment inquiry. *Id.* at 785. First, only the defendant's contacts with the forum state count. *Id.* This ensures that a defendant is not haled into a jurisdiction solely by the unilateral activities of a third party. *Id.* Second, the acts relied on must be purposeful; a defendant may not be haled into a jurisdiction based solely on contacts that are "random, isolated, or fortuitous." *Id.* Third, a defendant "must seek some benefit, advantage, or profit by 'availing' itself of the

19

jurisdiction." *Id.* By "invoking the benefits and protections of a forum's laws, a nonresident consents to suit there." *Id.*

A defendant's minimum contacts with a forum state can give rise to either general or specific jurisdiction. *Ford Motor Co.*, 141 S. Ct. at 1024. General jurisdiction arises when a defendant's contacts with the forum state are so continuous and systematic that the defendant is "essentially at home," whereas specific jurisdiction exists when the claims involved in the litigation relate to or arise from the nonresident defendant's contacts with the forum state. *Id.* Appellees do not argue Guillory and Preis PLC are subject to general jurisdiction in Texas. Thus, the only question before us is whether Appellees established specific personal jurisdiction over Guillory and Preis PLC.

## B. Specific Jurisdiction

Specific jurisdiction exists when the claims involved in the litigation relate to or arise from the nonresident defendant's contacts with the forum state. *Ford Motor Co.*, 141 S. Ct. at 1025; *see LG Chem Am., Inc.*, 670 S.W.3d at 347. "This so-called relatedness inquiry defines the appropriate 'nexus between the nonresident defendant, the litigation, and the forum.'" *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 14 (Tex. 2021) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex. 2007)). The plaintiff must demonstrate a "substantial connection" between the defendant's contacts and the operative facts of the

20

litigation. *LG Chem Am.*, 670 S.W.3d at 347 (citing *Moki Mac*, 221 S.W.3d at 585). The "substantial connection" standard is primarily concerned with whether the defendant's contacts will be "the focus of the trial," "consume most if not all of the litigation's attention," and are "related to the operative facts" of the underlying claim. *See TV Azteca v. Ruiz*, 490 S.W.3d 29, 53 (Tex. 2016) (quoting *Moki Mac*, 221 S.W.3d at 585). "Specific jurisdiction must be established on a claim-by-claim basis unless all the asserted claims arise from the same forum contacts." *M & F Worldwide Corp.*, 512 S.W.3d at 886.

## C.     Special Appearance

A nonresident defendant may challenge a Texas court's exercise of personal jurisdiction over it by filing a special appearance. TEX. R. CIV. P. 120a. The plaintiff and the defendant bear shifting burdens of proof in a challenge to personal jurisdiction. *See LG Chem Am., Inc.*, 670 S.W.3d at 346; *Kelly v. Gen. Interior Constr.*, 301 S.W.3d 653, 658–59 (Tex. 2010). The plaintiff bears the initial burden of pleading allegations sufficient to bring a nonresident defendant within the provisions of the Texas long-arm statute. *LG Chem Am.*, 670 S.W.3d at 346 (citing *Kelly*, 301 S.W.3d at 658). If the plaintiff meets its initial burden, the burden shifts to the nonresident defendant to negate the plaintiff's alleged bases for jurisdiction. *Id.* The defendant can negate personal jurisdiction on either a factual or legal basis. *Id.* It can present evidence that contradicts the plaintiff's factual allegations

21

supporting the assertion of personal jurisdiction, and the plaintiff can then respond with its own evidence supporting its allegations. *Id.* Or the defendant can show that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish personal jurisdiction. *Id.*

Trial courts determine a special appearance "on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." TEX. R. CIV. P. 120a(3); *see Touradji v. Beach Cap. P'ship, L.P.*, 316 S.W.3d 15, 23 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("The plaintiff's original pleadings as well as its response to the defendant's special appearance can be considered in determining whether the plaintiff satisfied its burden."). Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law we review de novo. *LG Chem Am., Inc.*, 670 S.W.3d at 346.

**D. Analysis**

The jurisdictional facts in this case are undisputed. Specifically, the parties do not dispute:

- Guillory is a Louisiana resident who is licensed to practice law in Texas.

- Guillory practices law from Preis PLC's main office in Lafayette, Louisiana.

- Preis PLC has an office in Houston, Texas.

22

- ACE hired Preis PLC and Guillory to represent Lessley in the Louisiana Lawsuit.

- On November 19, 2020, Guillory met with the Lessleys in Preis PLC's Houston office to prepare them for their depositions the following day in Lake Charles, Louisiana.

- Guillory proposed meeting with the Lessleys at Preis PLC's Houston office or Lessley's office in East Texas for the convenience of the Lessleys who reside in Texas.

- The Lessleys chose to meet with Guillory in Preis PLC's Houston office, as opposed to its office in East Texas.

- In addition to preparing the Lessleys for their depositions, Guillory also discussed with them the Louisiana Lawsuit during the November 2020 meeting.

- During the November 2020 meeting, the Lessleys told Guillory that "the plaintiffs' property was not suffering significant impact from any remaining crude oil," and Guillory "did not provide a substantive response to this point."

- During the November 2020 meeting, the Lessleys told Guillory the driver, St. Clair, and his employer, SLLD Transport Company, LLC, "should bear some if not all of the liability for the accident, including based on the contract between Lessley Services and SLLD," the Lessleys showed Guillory the contract between Lessley and SLLD Transport Company, LLC, and they "explained that Blaise St. Clair was employed by SLLD, not by Lessley."

- During the November 2020 meeting, Guillory did not discuss with the Lessleys "the details of the relationships among Mr. St. Clair, SLLD, and Lessley, dismissing them as unimportant."

- During the November 2020 meeting, Guillory did not discuss with the Lessleys "the ramifications of his simultaneously representing both Lessley and ACE in the [Louisiana Lawsuit],

23

including any potential conflict of interest in such dual representation."

- "Neither Mr. Guillory, Mr. [Edwin] Preis, nor other lawyers of Preis PLC ever consulted my husband or me before agreeing to the Consent Judgment."

- Guillory did not solicit Lessley's business.

- Guillory has never represented Lessley before a Texas court or in a Texas legal proceeding.

- Guillory has never represented Lessley in any matter other than the Louisiana Lawsuit.

- Guillory "performed no legal services on behalf of Lessley in or from the State of Texas," aside from the deposition preparation meeting in Houston in November 2020.

- The legal work Guillory performed on Lessley's behalf pertained exclusively to the Louisiana Lawsuit.

- Guillory "did not give Lessley legal advice based on Texas law."

Guillory and Preis PLC argue these alleged contacts do not support the trial court's exercise of specific jurisdiction over Guillory, and by implication, Preis PLC, because Guillory did not avail himself of the privilege of practicing law in Texas and there is not a substantial connection between Guillory's Texas contacts and the operative facts of Lessley's legal malpractice claims.

### 1. Guillory's Contacts with Texas

Lessley and Hallmark argue that Guillory purposefully availed himself of the privilege of practicing law in Texas because Guillory is licensed to practice law in

Texas, and he "provided face-to-face legal advice to his Texas-based client while physically present in his firm's Houston office, and Lessley is suing him based on that advice (among other errors and omissions)."

Purposeful availment is the "touchstone of jurisdictional due process." *Michiana Easy Livin' Country*, 168 S.W.3d at 784; *see also State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 413 (Tex. 2023). Courts employ three guidelines when determining whether a nonresident defendant has availed himself of the privilege of conducting activities in Texas: (1) we consider only the nonresident defendant's contacts with the forum, (2) the contacts must be purposeful as opposed to "random, fortuitous, or attenuated," and (3) the nonresident defendant must have sought "some benefit, advantage[,] or profit by availing itself of [Texas'] jurisdiction," thus, consenting to suit in Texas. *See Volkswagen*, 669 S.W.3d at 413 (quoting *Moncrief Oil Int'l Inc.*, 414 S.W.3d at 151).

The fact that Lessley, Guillory's client, has its principal place of business in Texas is not relevant with respect to whether Guillory purposefully availed himself of the privilege of practicing law in Texas because the focus of the purposeful availment analysis is on Guillory's contacts with Texas, not Lessley's contacts. *See Volkswagen*, 669 S.W.3d at 413 (stating defendant's contacts with forum are only relevant contacts with respect to purposeful availment); *see generally Walden v. Fiore*, 571 U.S. 277, 285 (2014) (stating minimum contacts "looks to the defendant's

25

contacts with the forum State itself, not the defendant's contacts with persons who reside there"). We further note that while Lessley is located in Texas, it is undisputed that Guillory did not solicit Lessley's business in Texas. Rather, ACE hired Preis PLC and Guillory to represent Lessley in the Louisiana Lawsuit.

Similarly, Preis PLC's decision to maintain a satellite office in Houston, Texas is irrelevant with respect to our purposeful availment analysis because we may consider only Guillory's contacts with Texas, not his law firm's contacts. *See Volkswagen*, 669 S.W.3d at 413 (stating defendant's contacts with forum are only relevant contacts with respect to purposeful availment). Moreover, while Preis PLC has an office in Houston, Texas, the parties do not dispute that Guillory practices out of the law firm's Lafayette, Louisiana office and it is undisputed that Guillory was not practicing Texas law or advising Lessley regarding Texas law when he met with the Lessleys in Houston in November 2020. Thus, Guillory's only Texas contacts relevant to our specific jurisdiction inquiry are his physical presence in Texas in November 2020 to prepare the Lessleys for their deposition in Louisiana, and the fact he is licensed to practice law in Texas. *See Volkswagen*, 669 S.W.3d at 413.

Even assuming Guillory's limited contacts were "purposeful rather than random, fortuitous, isolated, or attenuated" and that Guillory sought some "benefit, advantage, or profit" by availing himself of the privileges and benefits of Texas' jurisdiction, Texas may exercise specific jurisdiction over Guillory only if Lessley's

26

legal malpractice claims relate to or arise from the Guillory's contacts with Texas. *See Ford Motor Co.*, 141 S. Ct. at 1025; *LG Chem Am.*, 670 S.W.3d at 347. We conclude they do not.

### 2. Substantial Connection

Specific jurisdiction exists when the claims involved in the litigation relate to or arise from the nonresident defendant's contacts with the forum state. *See Ford Motor Co.*, 141 S. Ct. at 1025; *LG Chem Am.*, 670 S.W.3d at 347. In other words, there must be a "substantial connection" between Guillory's Texas contacts and the operative facts of the litigation. *LG Chem Am.*, 670 S.W.3d at 347 (citing *Moki Mac*, 221 S.W.3d at 585). The "substantial connection" standard is primarily concerned with whether the defendant's contacts will be "the focus of the trial," "consume most if not all of the litigation's attention," and are "related to the operative facts" of the underlying claim. *See TV Azteca*, 490 S.W.3d at 53 (quoting *Moki Mac*, 221 S.W.3d at 585).

### (a) Lessley's and Hallmark's Legal Malpractice Claims

The acts and omissions upon which Lessley's legal malpractice claims against Guillory are based, and Hallmark's corresponding subrogation claim, span the course of Guillory's yearlong representation of Lessley in the Louisiana Lawsuit, and encompass far more than what allegedly transpired at Guillory's one-day meeting with the Lessleys in Houston, Texas in November 2020.

Lessley alleged in its pleading that Guillory committed legal malpractice by "provid[ing] erroneous legal advice and/or fail[ing] to provide advice, opinions or relevant information." Specifically, Lessley alleged Guillory committed legal malpractice through the following seven acts or omissions:

(a) failing to provide notice to Lessley of [Guillory's and Preis PLC's] conflict of interest in representing both Lessley and Ace;

(b) representing the interests of Ace above Lessley in the underlying lawsuit;

(c) entering into the Consent Judgment and Joint Stipulation without providing any notice to Lessley or advising Lessley of the effect of the same;

(d) failing to timely file necessary motions to limit Lessley's liability;

(e) improperly preparing for and managing Lessley's defense in the underlying lawsuit;

(f) falling to seek an apportionment of liability among Ace and Lessley in the underlying lawsuit; and

(g) failing to appeal the judgment.

Lessley also alleged that Guillory attended the deposition of ACE's corporate representative in Chicago, Illinois on behalf of ACE, not Lessley, and Guillory "did not ask any questions or inquire as to how Ace's actions negatively affected Lessley" during the April 2021 deposition. In addition to agreeing to "a verdict form that placed responsibility for any verdict sums on all defendants rather than obtain a form

28

that apportioned fault between the defendants," Guillory also failed to exclude evidence detrimental to Lessley at the May 2021 trial in Louisiana.

In its pleading, Hallmark asserted a legal malpractice claim against Guillory and Preis PLC under the doctrine of equitable subrogation. Hallmark alleged Guillory committed legal malpractice by jointly defending Lessley and ACE in the Louisiana Lawsuit despite a conflict of interest, failing to "adequately prepare for trial," failing to "file motions to limit Lessley's liability," and "most egregiously, entering into the Consent Judgment and Joint Stipulation."

Many of Guillory's alleged acts and omissions constituting legal malpractice occurred after the November 2020 meeting in Houston, including (1) entering into the Consent Judgment in April 2021 without notifying Lessley, (2) entering into the Joint Stipulation in May 2021 without notifying Lessley, (3) attending the April 2021 deposition of ACE's corporate representative in Chicago, Illinois on behalf of ACE and leaving Lessley without representation at the deposition, (4) failing to exclude evidence detrimental to Lessley during the May 2021 trial in Louisiana, (5) agreeing to a verdict form that did not apportion fault between the defendants, including ACE and Lessley, and (6) failing to appeal the final judgment in the Louisiana Lawsuit. Except for the deposition of ACE's corporate representative, which occurred in Chicago, Illinois, all of these acts and omission, as well as Guillory's failure to timely file necessary motions to limit Lessley's liability,

occurred in Lafayette, Louisiana where Guillory practices law, or in Cameron Parish, Louisiana where the Louisiana Lawsuit was tried to a jury. None of the acts or omissions bear any significant relation to the November 2020 meeting in Houston, Texas.

Lessley and Hallmark argue that the legal malpractice claims against Guillory are substantially connected with the November 2020 meeting in Houston because during the meeting (1) Guillory failed to inform the Lessleys of the ramifications of his representation of both Lessley and ACE in the Louisiana Lawsuit, including any potential conflict of interest, (2) Guillory placed ACE's interests above Lessley's interests in the Louisiana Lawsuit, and (3) Guillory improperly prepared and managed Lessley's defense in the Louisiana Lawsuit by, among other things, insufficiently preparing the Lessleys for their depositions the day after the meeting. These are the only acts and omissions Lessley and Hallmark argue occurred during the November 2020 meeting.

Aside from the claim Guillory failed to prepare the Lessleys for their depositions adequately, none of these alleged acts or omissions are exclusive to the November 2020 meeting. Even if Guillory failed to inform the Lessleys of the risks associated with his dual representation of Lessley and ACE at the meeting, Guillory's ongoing obligation to do so arose when ACE retained Guillory to represent ACE in the Louisiana Lawsuit prior to the November 2020 meeting, and

30

his obligation continued thereafter. Similarly, Guillory's alleged deficient preparation and management of Lessley's defense, and his prioritizing of ACE's interests over Lessley's interests in the Louisiana Lawsuit also occurred before and after the Houston meeting. While one instance of these three acts or omissions allegedly occurred during the meeting, the bulk of these acts or omissions would have primarily occurred in Lafayette, Louisiana where Guillory practices law and in Cameron Parish, Louisiana where the Louisiana Lawsuit was tried to a jury.

Thus, the overwhelming majority of the events giving rise to Lessley's legal malpractice claims and Hallmark's corresponding subrogation claim based on the same alleged contacts bear little significant relation to the November 2020 meeting in Houston. This includes the two acts Hallmark contends were Guillory's most egregious: entering into the Consent Judgment and Joint Stipulation without notifying Lessley and obtaining Lessley's consent. Furthermore, it is undisputed that Guillory "did not give Lessley legal advice based on Texas law" at any time during the course of Guillory's representation of Lessley, including during the November 2020 meeting, and none of the operative facts of the legal malpractice claims involve Guillory's use of his Texas law license.

Guillory's only contacts with Texas—his Texas law license and the November 2020 Houston meeting where he allegedly committed some acts and omissions underlying Lessley's legal malpractice claims and Hallmark's

31

subrogation claim—will not be "the focus of the trial" on these legal claims, nor will they "consume most if not all of the litigation's attention." There is thus no "substantial connection between [Guillory's] contacts [with Texas] and the operative facts of the litigation." *TV Azteca*, 490 S.W.3d at 52 (quoting *Moki Mac*, 221 S.W.3d at 585); *see also Volkswagen*, 669 S.W.3d at 413 (holding specific jurisdiction involves "claim-by-claim" analysis focusing on "the relationship between the defendant, the forum state, and the operative facts of the litigation").[8]

Because Guillory's purposeful contacts with Texas are not substantially connected to the operative facts of Lessley's legal malpractice claims and Hallmark's corresponding subrogation claim—and the trial court's jurisdiction over Preis PLC is dependent upon the trial court having personal jurisdiction over Guillory—the trial court erred in denying Guillory's and Preis PLC's first special appearances, as set forth in the trial court's February 1, 2022 order.

---

[8] The nonresident defendant's contacts with the forum must also be "related to the operative facts" of the underlying claim. *See TV Azteca v. Ruiz*, 490 S.W.3d 29, 53 (Tex. 2016) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007)). While the November 2020 Houston meeting is "related to operative facts" because some of Guillory's acts and omissions allegedly occurred during the meeting, this factor alone does not establish a substantial connection between Guillory's contacts and the malpractice claims against him because Guillory's contacts are neither "the focus of the trial" on Lessley's, Hallmark's, and Underwriters' legal malpractice claims, nor will they "consume most if not all of the litigation's attention."

### (b) ACE's and Underwriters' Legal Malpractice Claims

Underwriters and ACE relied on the trial court's February 1, 2022 order denying Preis PLC's and Guillory's first special appearance with respect to Lessley's and Hallmark's claims to allege that Guillory and Preis PLC were subject to specific jurisdiction in Texas. Because the trial court erred by denying Preis PLC's and Guillory's first special appearance, Preis PLC and Guillory have likewise met their burden to negate Underwriters' and ACE's alleged bases for personal jurisdiction. *LG Chem Am.*, 670 S.W.3d at 346 (citing *Kelly*, 301 S.W.3d at 658). Because Preis PLC and Guillory negated Underwriters' and ACE's alleged bases for jurisdiction, the trial court erred by denying Guillory's and Preis PLC's second special appearance with respect to Underwriters' and ACE's legal malpractice claims as set forth in the trial court's April 8, 2022 order.

## Conclusion

We reverse the trial court's February 1, 2022 order denying Guillory's and Preis PLC's special appearances and we render judgment dismissing Hallmark's and Lessley's claims against Guillory and Preis PLC. We also reverse the trial court's April 8, 2022 order denying Guillory's and Preis PLC's special appearances and we render judgment dismissing Underwriters' and ACE's claims against Guillory and Preis PLC.


Veronica Rivas-Molloy
Justice


Panel consists of Justices Hightower, Rivas-Molloy, and Farris.